United States District Court
for the
Southern District of Florida

Christopher M. Mack, Petitioner,　) 
　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　)　Civil Action No. 17-23791-Civ-Scola
　　　　　　　　　　　　　　　　 )
United States of America,　　　　　)
Respondent.　　　　　　　　　　　 )

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

　　　This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-02 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On November 27, 2019, Judge Reid issued a report, recommending that Court deny the motion to vacate Petitioner Mack's sentence and dismiss the case. (Report of Magistrate, ECF No. 18.) The Petitioner filed objections to the report. (ECF No. 20.)

　　　The Petitioner's objections to Judge Reid's report address two specific issues. First, the Petitioner argues that counsel's performance was ineffective because counsel failed to raise a discrepancy in the detective's testimony. (ECF No. 20 at 2.) The affidavits in support of the criminal complaint and arrest warrant state that the Movant's apartment was searched between 2:15 a.m. and 2:45 a.m. (*Id.* at 15.) Detective Monros, however, stated in his deposition that he did not obtain the search warrant until 4:00 a.m. (*Id.*) Judge Reid concluded that this misstatement is insignificant and counsel was not ineffective for failing to raise this non-meritorious issue. (*Id.* at 16.) Upon review, the Court agrees. The Movant filed a motion to suppress the initial sweep conducted of his apartment. The Court conducted an evidentiary hearing and denied the motion to suppress, finding that the security sweep of the apartment was proper. The Court also found that there was probable case for both the arrest and the search warrant. (*Id.* at 6.) Whether the detective obtained the warrant at 2 a.m. or 4 a.m. does not alter the Court's finding of probable cause. Moreover, counsel's decision not to raise this issue does not rise to the level of "so patently unreasonable that no competent attorney would have chosen it." *Dingle v. Sec'y for Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007).

　　　The Petitioner also objects to counsel's failure to object to the pre-sentence report (PSI) because it erroneously stated that the offense involved

more than 10 victims. (ECF No. 18 at 18-19.) The Petitioner argues that his guilty plea as to Count 4 involved only one victim. (*Id.*) Judge Reid concluded that under Count 2, the Government charged the Petitioner with possession of 133 counterfeit credit cards, personal identifying information for 600 individuals, and social security numbers of approximately 1,000 individuals. (*Id.* at 19.) Accordingly, there was more than sufficient evidence to support a finding of ten or more victims. (*Id.*) The Court agrees. Moreover, the PSI, with the inclusion of 10 victims, indicated an advisory sentencing guideline range of 37 to 46 months of imprisonment. (ECF No. 18 at 8.) The Petitioner agreed to accept a sentence of 102 months because it was a global settlement of his state court case and federal case. (*Id.* at 9.) The court, counsel, and the Petitioner all acknowledged that this was above the guideline range because it was a global settlement of his pending case. Accordingly, Petitioner cannot argue prejudice regarding the number of victims when he *agreed to* an upward variance.

Accordingly, the Court **affirms and adopts** Judge Reid's report and recommendation (ECF No. 18). The Court **denies** the motion to vacate sentence (ECF No. 1). The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on January 31, 2020.

Robert N. Scola, Jr.
United States District Judge